**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MIGUEL FRANCISCO JUAREZ BATZ,

        Petitioner,

        v.                         Case No. 2:26-cv-00868 KWR-GBW

WARDEN, *Otero County Processing Center*,
TODD M. LYONS, *Acting Director of*
*Immigration And Customs Enforcement*,
MARY DE ANDA-YBARRA, *El Paso Field Office*
*Director for Detention and Removal,*
*U.S. Immigration and Customs Enforcement,*
TODD BLANCHE, *Acting U.S. Attorney General, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department*
*of Homeland Security*,

        Respondents.

## ORDER DENYING HABEAS PETITION

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (Doc. 1). Petitioner is a noncitizen in ICE detention. Petitioner requests that the Court order a bond hearing or his release. However, Petitioner has already received a bond hearing under 8 U.S.C. § 1226(a). As explained below, Petitioner's habeas petition is not well-taken and is therefore **DENIED**.

Petitioner is a citizen of Guatemala. Doc. 1 at 21, 24.[1] Petitioner is married to a lawful permanent resident and has three children who are U.S. citizens. Doc. 1 at 47, 101-03, 109-110. He first entered the United States on March 5, 2004, without inspection. Doc. 1 at 46, 72. Petitioner

---

[1] The Court cites to the page numbers at the top of the page generated by CM/ECF.

subsequently had several encounters with the criminal justice system.  In 2006, he was convicted of a DUI.  Doc. 1 at 156-58.  In 2009, he was charged with domestic battery and completed a plea and pass agreement.  *Id.* at 162. In 2013, he was charged with another domestic battery, which the state attorney declined to prosecute.  Doc. 1 at 163. In 2017, he was again charged with domestic battery.  Doc. 1 at 164. He completed pretrial diversion. *Id.*  In 2025, he was again charged and arrested for domestic battery.  *Id.* at 147. ICE encountered Petitioner at the Palm Beach County Jail after he was arrested for the 2025 domestic battery.  Doc. 1 at 21.  He was taken into ICE custody on July 28, 2025.  *Id.* at 22.

While in ICE custody, Petitioner requested multiple bond hearings.  On January 29, 2026, an immigration judge agreed that Petitioner was subject to discretionary detention under § 1226(a).  Doc. 1 at 9. Therefore, the immigration judge held an evidentiary bond hearing.  *Id.* Unsurprisingly, after considering the evidence, the immigration judge concluded that Petitioner had not "met his burden to show that he is not a danger to the community."  *Id.*; 8 C.F.R. § 1236.1(c)(3) (placing the burden on the noncitizen). Thus, Petitioner remained detained. On March 25, 2026 an immigration judge ordered Petitioner removed from the country.  Doc. 6-1 at 11-14. Petitioner appealed that decision.  Doc. 6-2 at 1-8.

Petitioner asserts that his prolonged detention without a custody determination violates his Fifth Amendment due process rights.  Doc. 1 at 2. He asserts that he is not subject to mandatory detention, pursuant to § 1226.  *Id.* He also asserts that the immigration court improperly shifted the burden at the bond hearing to him. *Id.*  He asserts that bond was denied despite evidence that he was not a flight risk or danger to the community.  *Id.* at 6. He requests that the Court order his immediate release or order another bond hearing. *Id.* at 7.  As explained below, these claims fail.

2

*First,* Petitioner asserts that his procedural due process rights were violated because he has not received a bond hearing despite his prolonged detention. As explained below, Petitioner received a bond hearing under § 1226(a) and therefore his claim fails.

Petitioner bears the burden of proof of showing that he is entitled to relief or a remedy. *See* 28 U.S.C. § 2241; *Odell v. Hudspeth*, 189 F.2d 300, 302 (10th Cir. 1951) (In § 2241 proceeding, "[t]he burden of proof was upon the petitioner to sustain these allegations."); *see also Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to unlawful detention [under § 2241] is on the petitioner."); *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) ("[I]t was error for the District Court to effectively impose on the Government the burden of proving that [petitioner] was *not* 'in custody in violation of the Constitution or laws or treaties of the United States' " under § 2241); *see also Smith v. Workman*, 550 F.3d 1258, 1273 (10th Cir. 2008) (noting that, in the context a *Brady* violation, the petitioner "bears the burden of showing that the prosecution suppressed material evidence favorable" to the petitioner); *McDonald v. Feeley*, 535 F. Supp. 3d 128, 135 (W.D.N.Y. 2021) (in § 2241 proceeding challenging his immigration detention, petitioner bears burden of proving by preponderance of evidence that he is detained contrary to law).

Petitioner is also required to make arguments and present facts, and the Court need not do so on his behalf. *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself."); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that a court has no obligation to make arguments or perform research on behalf of litigants) (quoting *Pelfresne v. Village of Williams Bay,* 917 F.2d 1017, 1023 (7th Cir.1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting

3

authority or in the face of contrary authority, forfeits the point. [The court] will not do his research for him.").[2] Here, Petitioner did not carry his burden to cite to authority in support of his position. The Court will not address complex issues of constitutional law without briefing, especially given that it is unclear whether he is entitled to relief.

*Alternatively,* only assuming the Court is required to address this inadequately briefed constitutional issue, it is not obvious that the length of his detention violates due process. Moreover, he has received the relief to which he is entitled – an evidentiary bond hearing under § 1226(a). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process Clause] protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). The First and Second Circuits have held that detainees are entitled to an additional bond hearing where the government bears the burden after the detainment becomes prolonged. *Hernandez-Lara*, 10 F.4th at 40; *Velasco Lopez v. Decker*, 978 F.3d 842, 854 (2d Cir. 2020). On the other hand, the Third, Fourth, and Ninth Circuits have found that § 1226(a) does not entitle a detainee to a new bond hearing with a shifted burden after detention becomes prolonged. *See Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018); *Miranda v. Garland*, 34 F.4th 338, 366 (4th Cir. 2022); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213–14 (9th Cir. 2022). These circuits dealt with a burden-shifting requirement after the detainee had been detained under § 1226 for a

---

[2] These principles apply even where a party is pro se. Although pro se pleadings should be construed liberally, a district court may not act as a pro se party's advocate, advancing arguments or facts on their behalf. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant."). Moreover, pro se parties must comply with the same procedural rules and law as counseled parties. *Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994).

prolonged period of time. Here, the Court need not address this circuit split, as Petitioner has received a bond hearing under § 1226(a). Petitioner has not argued or cited to any law that he is entitled to release after 8 months' detention under § 1226(a). Thus, he has received all relief to which he is entitled.

*Second*, Petitioner also asserts that the immigration judge erred by not placing the burden of showing that he is a flight risk or danger to the community on Respondents. Here, Petitioner has not explained or argued why the Court should find that the immigration judge must burden-shift. On this ground, his claim is denied.  Alternatively, only assuming the Court is required make arguments on Petitioner's behalf and address this inadequately briefed argument, the Court adopts and incorporates herein its reasoning in *Montero Cordova v. Noem*, No. 1:26-CV-00526-KWR-DLM, 2026 WL 867689, at *12-14 (D.N.M. Mar. 30, 2026) and denies Petitioner's request.

*Finally*, to the extent Petitioner challenges the discretionary bond decision of the immigration judge, the Court lacks jurisdiction to reconsider the immigration judge's decision. Generally, the release or bond decision by an immigration judge involves the weighing of evidence and is discretionary. § 1226(a); *Jennings v. Rodriguez,* 583 U.S. 281, 295 (2018). Discretionary bond decisions are generally not reviewable. 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). "This provision precludes the Court from reviewing the IJ's decision that denied bond because Petitioner was a flight risk." *Mwangi v. Terry*, 465 F. App'x 784, 786–87 (10th Cir. 2012) ("Therefore, to the extent Mr. Mwangi challenges the agency's discretionary bond decision, the magistrate judge was correct that the court lacked jurisdiction.") (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)); *Jennings,* 583 U.S. at

295 (explaining that § 1226(e) bars a challenge to a discretionary judgment or decision by the Attorney General regarding detention or release but does not preclude challenges to the statutory framework); *see also Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) ("Although we lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision…"). Here, the immigration judge denied bond as Petitioner did not show that he was not a danger to the community. The Court lacks authority to review that discretionary determination, and the immigration judge's decision is unsurprising given Petitioner's criminal history.

Petitioner also did not demonstrate or argue that any due process violations rendered the bond hearing fundamentally unfair. *See, e.g., Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); *see also United States v. Aguirre-Tello,* 353 F.3d 1199, 1207 (10th Cir. 2004). "An alien: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests." *Ghanem,* 2022 WL 574624, at *2. Petitioner has not argued that the bond hearing did not satisfy these criteria.

In sum, the Court denies Petitioner's habeas petition.

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 1) is **DENIED.**

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE